IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SARA BONILLA TORRES<br><br>Plaintiff<br><br>v.<br><br>ME SALVÉ, INC.; SERAL, INC.; LHV, INC.; and JOHN DOES 1 through 100<br><br>Defendants | CIVIL NO. 20-1425 (ADC)(BJM)<br><br>INJUNCTIVE RELIEF |

**MOTION TO DISMISS PLAINTIFF'S CLAIM FOR NOMINAL DAMAGES**

TO THE HONORABLE COURT:

COME NOW defendants Seral, Inc. and LHV, Inc. (hereinafter referred jointly to as the "Defendants"), through the undersigned counsel, and very respectfully STATE and PRAY as follows:

I. **INTRODUCTION**

1. On August 24th, 2021, the Court authorized Plaintiff's request for leave to amend the Complaint for a second time which was limited to "merely add a request for nominal damages." The Second Amended Complaint does "not include any additional violations" to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–12189. [**Docket No. 60**].

**2.** However, as discussed in more detail herein below, under Title III of the ADA, Plaintiff is only entitled to seek injunctive relief, and thus, she is not entitled to monetary damages of any type, including nominal damages. Accordingly, Plaintiff's request for nominal damages must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   STANDARD OF REVIEW

**3.** Fed. R. Civ. P. 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Ruling upon such a motion requires determining if "all the facts alleged [in the complaint] when viewed in the light most favorable to the plaintiffs, render the plaintiff's entitlement to relief plausible." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 14 (1st Cir. 2011). Hence, dismissal is proper only when the alleged facts "taken as true, do not warrant recovery." Martell-Rodríguez v. Rolón Suarez, 2020 WL 5525969, at *2 (D.P.R. 2020) (quotation omitted). This requires treating non-conclusory factual allegations as true. *See* Nieto-Vicenty v. Valledor, 984 F. Supp. 2d 17, 20 (D.P.R. 2013). Legal conclusions do not receive this deferential treatment and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Borras-Borrero v. Corporacion del Fondo del Seguro del Estado, 2020 WL 2097553, at *4 (1st Cir. 2020) (internal quotations omitted).

This analysis is a context-specific task that relies on the Court's "judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

### III. DISCUSSION

#### a. PLAINTIFF IS NOT ENTITLED TO MONETARY DAMAGES OF ANY KIND

4. Although Title III is expansive in its application, the remedies available under the title are narrow. Section 12188(a)(1) provides the remedial scheme for that title by incorporating the remedies available under Title II of the Civil Rights Act, 42 U.S.C. § 12188(a)(1), which allows a "person aggrieved" to institute "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order," 42 U.S.C. § 2000a-3(a)."

5. The United States Supreme Court has unequivocally held that "[w]hen a plaintiff brings an action under that Title [(II) of the Civil Rights Act of 1964], he cannot recover damages." Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968). Rights and remedies available under Title II of the Civil Rights Act of 1964 are available under Title III of the ADA. 42 U.S.C. § 12188.

6. Additionally, the First Circuit has unambiguously held that "money damages are not an option for private parties suing under Title III of the ADA". Goodwin v. C.N.J., Inc., 436 F.3d 44, 50 (1st Cir. 2006). **The only relief that is available is "preventive" injunctive relief**. G. v. Fay Sch., 931 F.3d 1, 9 (1st Cir. 2019); *see also* Santiago Ortiz v. Caparra Ctr. Assocs., LLC, 261 F. Supp. 3d 240, 250 (D.P.R. 2016). The "compendium of remedies" afforded by section 12188(a)(1) includes

3

injunctive relief, but not money damages. Dudley v. Hannaford Bros. Co., 333 F.3d 299, 304 (1st Cir. 2003).

7. Other circuits have also made it clear that injunctive relief is the only private relief available in a Title III case like Plaintiff's. *See* Hillesheim v. Holiday Stationstores, Inc., 953 F.3d 1059, 1062 (8th Cir. 2020) ("injunctive relief is the only private relief available in a Title III"); Stebbins v. Legal Aid of Arkansas, 512 Fed. Appx. 662, 663 (8th Cir. 2013) ("Title III of the ADA does not provide for private actions seeking damages"); Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1329 (11th Cir. 2013) ("injunctive relief... is the only form of relief available to plaintiffs suing under Title III of the ADA."); Wojewski v. Rapid City Reg'l Hosp., Inc., 450 F.3d 338, 342 (8th Cir. 2006) (holding Plaintiff's Title III claim moot because "Title III provides only injunctive relief..."); Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages."); Bowers v. NCAA, 346 F.3d 402, 433 (3d Cir. 2003) ("Title III defendants cannot be liable for money damages"); Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III."); Am. Bus Ass'n v. Slater, 231 F.3d 1, 5 (D.C.Cir. 2000) ("The remedies set forth in 42 U.S.C. 2000a-3(a) — which is part of the 1964 Civil Rights Act — do not include money damages"); Smith v. Wal-Mart Stores, Inc.,167 F.3d 286, 293 (6th Cir. 1999) ("the enforcement statute is 42 U.S.C. § 12188, which incorporates the remedies of 42 U.S.C. § 2000a-3(a), and

that section does not include money damages"); Jairath v. Dyer, 154 F.3d 1280, 1283 n. 7 (11th Cir. 1998) ("monetary damages are only available if the civil action is initiated by the Attorney General"). This unbroken skein of cases makes manifest that money damages are not an option for private parties suing under Title III of the ADA.

8. Pursuant to Title III, the Court may award monetary damages only when the Attorney General becomes involved in the matter. Sánchez v. ACAA, 247 F. Supp. 2d 61, 67 (D.P.R. 2003); *see also* 42 U.S.C. § 12188(b). Congress did indeed contemplate that money damages would be available — but it also specified the precise conditions under which they could be paid. The monetary relief must be: *(1)* awarded by a court; *(2)* in a civil action; *(3)* that was brought by the Attorney General. By specifying the circumstances under which monetary relief will be available, Congress evinced its intent that damages would be available in no other circumstances. *See* Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 19 (1979) (recognizing that "it is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it"). That is clearly not the case here and, thus, Plaintiff is not entitled to monetary damages.

9. Accordingly, the only relief to which Plaintiff could be entitled (which Defendants vehemently deny) is injunctive relief, and thus, Plaintiff's request for monetary damages must be dismissed.

**IV.   NOMINAL DAMAGES ARE NOT AVAILABLE UNDER TITLE III OF THE ADA**

10. According to First Circuit case law, "Congress chose to allow a plaintiff to recover only injunctive relief for a discrimination action brought under Title III" and nominal damages "do not fit into the taxonomy of preventive relief, which is the only type of relief authorized by section 12188(a)(1)" of the ADA. G. v. Fay Sch., 931 F.3d at 11 (quoting Goodwin, 436 F.3d at 51). "Nominal damages recognize a past wrong by providing plaintiffs 'the moral satisfaction of knowing that a federal court concluded that [their] rights ha[ve] been violated in some unspecified way.'" G. v. Fay Sch., 931 F.3d at 11 (citing Farrar v. Hobby, 506 U.S. 103, 114 (1992)). However, damages for past harms are not available under Title III of the ADA as "[t]he applicable enforcement provision, § 12188, allows only forward-looking, injunctive relief." *Id.* citing Goodwin, 436 F.3d at 51. Indeed, preventive injunctive relief, is "the only relief available…under that title [III of the ADA]". G. v. Fay Sch., 931 F.3d at 11. *See also* Goodwin, 436 F.3d at 50-51.

11. There is simply no statutory authority for imposing nominal damages in a private right of action under Title III. *See* Kil v. CMC Asset Invs., Inc., 2021 U.S. Dist. LEXIS 158228 (C.D. Cal., Aug.19, 2021); Valencia v. 10711 Glenoaks, LLC, 2021 U.S. Dist. LEXIS 123920 (C.D. Cal., Jun. 30, 2021); Hillesheim v. Parlour 1877, LLC, 2019 U.S. Dist. LEXIS 82517, fn 4 (D. Neb. May 16, 2019); Hillesheim v. Holiday Stationstores, Inc., 2018 WL 10560507 (D. Minn. Dec. 3, 2018); Brooke

v. Warwick Denver Corp., 2018 U.S. Dist. LEXIS 23070 (D. Ariz. Jan. 23, 2018); Brooke v. Bhakta, 2017 U.S. Dist. LEXIS 193432 (D. Ariz. Jan. 21, 2017).

12. In support of her request for nominal damages, Plaintiff cites Bayer v. Neiman Marcus Group, Inc., 861 F.3d 853 (9th Cir. 2017). **Plaintiff's reliance on Bayer, however, is misplaced.** The holding in **Bayer is limited to alleged violations of Section 12203(b) of the ADA, which makes it "unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of . . . any right granted or protected" by the ADA. 42 U.S.C. § 12203(b)**. A Section 12203(b) claim, for which the ADA provides a different remedial scheme than a Title III claim, is not alleged in this case.

13. This is not a § 12203 case and the other courts have declined to extend the holding of Bayer to a Title III ADA case. *See* Brooke v. Warwick Denver Corp., 2018 U.S. Dist. LEXIS 23070 (D. Ariz. Jan. 23, 2018); Brooke v. Bhakta, 2017 U.S. Dist. LEXIS 193432 (D. Ariz. Jan. 21, 2017).

14. In fact, the Ninth Circuit Court did not reverse its decision in Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1174 (9th Cir. 2010), wherein in held that "'[i]njunctive relief is the sole remedy available to private parties under" Title III of the ADA and that the Act "does not authorize a claim for money damages". *See also* Kaus, 304 F.3d at 858 ("Damages are not recoverable under Title III of the ADA — only injunctive relief is available for violations of Title III.").

15. Moreover, **after** the non-precedent-setting case of Bayer was decided by the Ninth Circuit Court, the First Circuit Court unequivocally held that nominal damages are not available under Title III of the ADA. *See* G. v. Fay Sch., 931 F.3d at 11.

16. Additionally, in support of her request for nominal damages, Plaintiff cites the Supreme Court's decision in Uzuegbunam v. Preczewski, 141 S.Ct. 792 (2021). In Uzuegbunam, the Supreme Court held that a request for nominal damages satisfies the redressability element necessary for Article III standing where a plaintiff's claim is based on a completed violation of a legal right. Plaintiff's reliance in Uzuegbunam is also misguided. Uzuegbunam is distinguishable since **it does not involve a claim under Title III of the ADA in any way**. Rather, Uzuegbunam, "which dealt with violations of the First Amendment of the Constitution, holds that a request for nominal damages satisfies the redressability element necessary for Article III standing." Rodríguez-Burgos v. Arcos Dorados Puerto Rico, LLC, Civil No. 19-2089 (SCC) (D.P.R. Apr. 22, 2021).

17. Moreover, in any case, Uzuegbunam is inapposite since the Supreme Court clearly held that nominal damages are "damages awarded;" "despite being small, nominal damages are certainly concrete"; "**nominal damages are in fact damages paid to the plaintiff**" [Uzuegbunam, 141 S.Ct. at 800-801. (Emphasis ours)] and, as discussed above, damages are not available to private plaintiffs under Title III..

18. Furthermore, this District Court has already held that a plaintiff reliance on Uzuegbunam for the "convoluted argument that justice requires that he be allowed to seek nominal damages of $1" in a Title III case, "is misplaced." Rodríguez-

8

Burgos v. Arcos Dorados Puerto Rico, LLC, Civil No. 19-2089 (SCC) (D.P.R. Apr. 22, 2021).

19. Therefore, **Plaintiff has not cited a single case** where a court has granted nominal damages to a private litigant under Title III of the ADA making similar allegations and/or under similar circumstances. Nor is there any statutory authority for imposing nominal damages in a private right of action under Title III.

20. As discussed before, Plaintiff is a private citizen asserting a violation of Title III of the ADA. As such, the only relief that the Court could award her is an injunction requiring Defendants to correct any architectural barriers that may be existent, if any, but neither monetary damages nor nominal damages. Accordingly, Plaintiff is "not entitled to any monetary damages—compensatory, punitive, emotional or economic—under Title III of the ADA." Aponte v. Colegio Rosa-Bell, 2016 WL 11674965 (D.P.R. Sept. 13, 2016). Therefore, Plaintiff's claim for nominal damages must be dismissed. See Hillesheim, Inc., 953 F.3d at 1062 ("The district court correctly ruled that nominal damages are not available under Title III of the ADA").

## V. CONCLUSION

21. Plaintiff's request for nominal damages must be dismissed given that private litigants are only entitled to injunctive relief under Title III of the ADA. Damages, including nominal damages, are simply not allowed.

WHEREFORE, it is respectfully requested from this Honorable Court to dismiss Plaintiff's claim for nominal damages.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 7th day of September, 2021.

WE HEREBY CERTIFY THAT the undersigned counsel electronically filed the present document with the Clerk of the Court using the CM/ECF System, which in turn will send notification of this filing to all attorneys of record.



P.O. Box 195343　　　　　　　　　　　　　　　　　　Citibank Towers, Suite 500
San Juan, Puerto Rico　　　　　　　　　　　　　　　252 Ponce de León Avenue
00919-5343　　　　　　　　　　　　　　　　　　　　San Juan, Puerto Rico 00918

Tel. (787) 758-1400
Fax: (787) 758-1414
Cel. (787) 460-3456

www.laborcounsels.com
paula@laborcounsels.com
pico@laborcounsels.com

S/ CARLOS R. PAULA
Attorney for co-defendants Seral and LHV
USDCPR # 212009

S/ JAIME E. PICÓ-RODRÍGUEZ
Attorney for co-defendants Seral and LHV
USDCPR # 228113